UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONIA WILLIAMS, individually and as Guardian *ad Litem* for minors L.S. and Q.S.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No.  19-cv-01811-BLF<br><br>**ORDER DENYING *EX PARTE* PETITION FOR APPROVAL OF MINORS' COMPROMISE**<br><br>[Re:  ECF 102] |

Plaintiff Monia Williams ("Williams"), individually and as Guardian *ad Litem* for her two minor children, Plaintiffs L.S. and Q.S., filed this action against the County of Monterey, the City of Salinas, and individual social workers and police officers following the removal of L.S. and Q.S. from Williams' care.  Plaintiffs have reached a settlement with two defendants, Josefina Duran and Marcos Estrada, in the total amount of $40,000.  Before the Court is Plaintiffs' *Ex Parte* Petition for Approval of Minors' Compromise, which is unopposed by Defendants Duran and Marcos.  *See* Petition, ECF 102; Notice of Non-Opposition, ECF 103.  The petition is DENIED for the reasons discussed below.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id*. (quotation marks and citation omitted).  The district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff

is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id*. at 1182.

Upon concluding that a minor's net recovery is fair and reasonable, district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit. *See, e.g. Lily v. Cooper*, No. 19-cv-745-DMS (AGS), 2020 WL 5742933, at *4 (S.D. Cal. Sept. 25, 2020) ("Counsel shall, within 45 days after approval of the minors' compromise, file with the Clerk of Court proof of deposit of funds payable for the minors' benefit into blocked accounts as required by this Order."); *Estate of Sauceda v. City of N. Las Vegas*, No. 2:11-cv-02116-GMN-NJK, 2020 WL 2105017, at *1 (D. Nev. Apr. 30, 2020) (approving minor's compromise and ordering that funds "shall be deposited into a blocked trust account with proof of such deposit provided to the Court within 60 days of this Order"); *S.V. by & through Valencia v. Delano Union Elementary Sch. Dist.*, No. 1:17-cv-00780-LJO-JLT, 2019 WL 2635949, at *3 (E.D. Cal. June 27, 2019), *report and recommendation adopted*, No. 1:17-cv-00780-LJO-JLT, 2019 WL 3253969 (E.D. Cal. July 19, 2019) ("The money will be deposited in a blocked account for the child's benefit.").

In the present case, Defendants Duran and Estrada have agreed to pay $40,000 to settle Plaintiffs' claims against them. Plaintiffs propose that the funds be transmitted to Plaintiffs' counsel for distribution as follows:

| | |
|---|---|
| Reimbursement to Plaintiffs' counsel for costs incurred: | $9,451.47 |
| Payment to Plaintiffs' counsel for attorneys' fees incurred: | $12,274.26 |
| Ms. Williams' recovery: | $6,272.27 |
| L.S.'s recovery: | $6,000 |
| Q.S.'s recovery: | $6,000 |

The Court finds this proposed distribution to be fair and reasonable. Had Plaintiffs indicated that the $6,000 allotted to L.S. and the $6,000 allotted to Q.S. would be deposited into blocked accounts for the minors' benefit, the Court would have no difficulty in approving the minors' compromise. Plaintiffs acknowledge that such a course would be the norm, stating that "[t]he placement of the minors' proceeds of suit must by California law be into either a blocked

financial account or similarly secured investment vehicle to be held until at least the minors achieving the age of eighteen (18) years." Petition at 2, ECF 102.

Plaintiffs nonetheless request that $2,500 be deducted from each minor's settlement proceeds and paid to Plaintiffs' counsel to cover future litigation costs.[1]  *See* Petition at 2-3, ECF 102.  Plaintiffs ask that only $3,500 of each minor's $6,000 in settlement proceeds be placed in a blocked account for the minor's benefit.  *See id.*  Plaintiffs have not cited, and the Court has not discovered, any case in which a minor's settlement proceeds were retained by the minor's counsel to cover future litigation costs rather than being deposited into a blocked account for the minor's benefit.  Accordingly, Plaintiffs' *Ex Parte* Petition for Approval of Minors' Compromise is DENIED.

IT IS SO ORDERED.

Dated:  December 14, 2020

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Plaintiffs also request that $3,272.27 be deducted from Ms. Williams' settlement proceeds and paid to Plaintiffs' counsel for future litigation costs.

3