1  LESLIE J. GIRARD, SBN 098986
   County Counsel
2  SUSAN K. BLITCH, SBN 187761
   Assistant County Counsel
3  JANET L. HOLMES, SBN 107639
   Deputy County Counsel
4  MARINA S. PANTCHENKO, SBN 293014
   Deputy County Counsel
5  County of Monterey
   168 West Alisal Street, Third Floor
6  Salinas, California 93901-2653
   Telephone: (831) 755-5045
7  Facsimile: (831) 755-5283
   Email: HolmesJL@co.monterey.ca.us
8  PantchenkoMS@co.monterey.ca.us

9  Attorneys for Defendants COUNTY OF MONTEREY, LINDA CASTILLO, CHRISTINE
   LERABLE, and CHARLENE LORD
10
   Jon R. Giffen (SBN 142158)
11 Crystal M. Gaudette (SBN 247712)
   Zachary A. Streiff (SBN 307792)
12 KENNEDY, ARCHER & GIFFEN
   Attorneys at Law
13 24591 Silver Cloud Court, Suite 200
   Monterey, CA 93940
14 Telephone (831) 373-7500
   Facsimile  (831) 373-7555
15 jgiffen@kaglaw.net | cgaudette@kaglaw.net | zstreiff@kaglaw.net
   Attorneys for Defendant
16 JUSTIN RICKS

17                       UNITED STATED DISTRICT COURT
                         NORTHERN DISTRICT OF CALIFORNIA
18
                                 San Jose Division
19

| | |
|---|---|
| MONIA WILLIAMS, individually and as GAL L.S. and Q.S., minors,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF MONTEREY, et al.<br><br>　　　　　Defendants. | CASE NO.  19-cv-01811-BLF<br><br>**DEFENDANTS LINDA CASTILLO, CHELSEA CHACON, AND JUSTIN RICKS' ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE REGARDING SUA SPONTE RECONSIDERATION**<br><br>(*Exempt from filing fees pursuant to Gov. Code §6103)<br><br>Trial Date:　June 21, 2021<br>Time:　　　 9:00 a.m.<br>Courtroom:　3, 5th floor<br>Judge:　　　Beth Labson Freeman |

1

*Monia Williams, et al. v. County of Monterey, et al.*　　　　　　　　　　　　　　　　　　Case No.  19-cv-01811-BLF
Defendants Linda Castillo, Chelsea Chacon, and Justin Ricks' Administrative Motion

## I. INTRODUCTION

The related principles of prior notice and an opportunity to be heard are "fundamental" to the conduct of fair proceedings. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). By this motion, Defendants Linda Castillo, Chelsea Chacon, and Justin Ricks ("Defendants") seek the modest relief of being permitted to offer 5 pages of briefing on a new issue raised at the May 7, 2021 pretrial conference: whether Plaintiffs should be granted the relief of sua sponte reconsideration.

## II. FACTS

On April 14, 2021, Plaintiffs moved for leave to file a motion for reconsideration of the Court's ruling on Defendants motions for summary judgment. *See* ECF 172. Several days later, the Court granted leave for Plaintiffs' motion to be filed. *See* ECF 173. Plaintiffs then filed their brief on the merits of reconsideration on April 21, 2021. *See* ECF 174. Plaintiffs did not raise the issue of sua sponte reconsideration in their motion. *Id.*

On April 28, 2021, Defendants filed their opposition to Plaintiffs' motion for reconsideration. *See* ECF 186. Substantially the entire analysis in Defendants' opposition brief was devoted to demonstrating that Plaintiffs' motion did not meet the procedural requirements applicable to ordinary reconsideration. *See id.* While Defendants argued that the recent decision in *Benavidez v. Cty. of San Diego*, No. 19-55274, 2021 U.S. App. LEXIS 10334 (9th Cir. Apr. 12, 2021) did not support Plaintiff's position on reconsideration (*see* ECF 186, 7:26 – 8:12), Defendants made no attempt to address sua sponte reconsideration because this form of relief was not addressed in the existing briefing. Streiff Decl., ¶3.

On May 6, 2021, the Court held a pretrial conference, during which Plaintiffs' motion for reconsideration was argued. *Id.*, ¶4. The Court indicated that it was considering the decision whether to grant sua sponte reconsideration relief. *Id.* The Court also accurately remarked that Defendants' existing briefing was not of assistance in evaluating the decision whether to grant sua sponte relief because Defendants had focused on the procedural prerequisites applicable to ordinary reconsideration. *Id.* The Court took the decision on Plaintiffs' motion for

2

*Monia Williams, et al. v. County of Monterey, et al.*   Case No. 19-cv-01811-BLF
Defendants Linda Castillo, Chelsea Chacon, and Justin Ricks' Administrative Motion

1  reconsideration under submission, and as of this filing, the Court has not yet issued a decision on
2  the merits of the motion. *Id.*, ¶5.
3      On May 7, 2021, one of Defendants' counsel asked Plaintiffs' counsel, on behalf of all
4  Defendants, whether Plaintiffs would stipulate to concise additional briefing on the new issue of
5  sua sponte reconsideration. *Id.*, ¶6. On May 10, 2021 Plaintiffs' counsel indicated that he
6  refused to so stipulate. *Id.*, ¶6 and Ex. A.

7  **III.   APPLICABLE LAW**

8      A District Court maintains the authority to reconsider its prior orders sua sponte for as
9  long as it has jurisdiction over the litigation. *See United States v. Smith*, 389 F.3d 944, 948 (9th
10  Cir. 2004). The Court's inherent power of reconsideration is not limited by the Rules of Civil
11  Procedure. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886
12  (9th Cir. 2001).
13      However, a District Court considering taking sua sponte action must afford the affected
14  parties advance notice and an opportunity to be heard on that issue. *See Day v. McDonough*, 547
15  U.S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the
16  parties fair notice and an opportunity to present their positions.").

17  **IV.   ARGUMENT**

18      Here, Defendants' request is for the opportunity to file a concise brief—5 pages
19  maximum—in order to address the issue of sua sponte relief for the first time. This separate
20  form of relief was never previously briefed by the parties. The fundamental principles of notice
21  and an opportunity to be heard favor allowing limited briefing on this recently-raised topic. *See*
22  *Day*, 547 U.S. at 210.
23      Defendants do *not* plan to use the additional briefing to reargue points made in
24  Defendants' existing briefing. Rather, the additional briefing will allow Defendants to focus on
25  issues other than the procedural regularity of an ordinary motion for reconsideration. In
26  particular, Defendants wish to address the merits of reconsideration in light of the Court's
27  findings at the summary judgment stage. Defendants believe that the Court's order was properly
28  drafted and did not commit an error of law, because Plaintiffs have not demonstrated an essential

3

element of their claim. In fact, Defendants believe it would be error to force a trial on an issue as to which Plaintiffs failed in their burden of production on summary judgment. As the Court recognized in its remarks at the pretrial conference, additional briefing was needed to explain why the Court's existing summary judgment decision was properly made.

Defendants are willing to produce such an additional brief on an expedited schedule in order to foreclose any possibility of undue delay. Defendants can have their requested supplemental briefing prepared and filed by Wednesday, May 12, 2021. With this rapid supplementation of the briefing, there will be no significant delay and no prejudice to Plaintiffs. As a matter of fairness, Defendants would not oppose Plaintiffs being given an opportunity to produce an additional brief of the same length, should they wish to do so. Defendants suggest simultaneous filing deadlines for briefing be afforded Plaintiffs and Defendants to eliminate as much delay as possible.

## V.   CONCLUSION

The parties' existing briefing on reconsideration argued the issue in the context of ordinary reconsideration, and did not touch on the distinct relief of sua sponte reconsideration. As such, Defendants devoted the majority of their limited page allotment to procedural irregularities in Plaintiffs' ordinary reconsideration request. At the May 6, 2021 pretrial conference, Defendants first learned that the distinct relief of sua sponte reconsideration would be considered as well. Sua sponte relief is not subject to the rules governing other motions such as ordinary reconsideration, and therefore through no fault of Defendants, the great majority of their legal arguments were rendered inapplicable. As a matter of fundamental fairness, Defendants request at least a minimal opportunity to devote briefing to the second, additional form of reconsideration relief raised at the pretrial conference.

Respectfully submitted,

Dated: May 11, 2021

LESLIE J. GIRARD
County Counsel

By: _/s/ Janet L. Holmes_

4

|   |   |
|---|---|
|   | JANET L. HOLMES, Deputy County Counsel<br>MARINA S. PANTCHENKO, Deputy County Counsel, Attorneys for Defendants<br>COUNTY OF MONTEREY, LINDA CASTILLO, CHRISTINE LERABLE, and CHARLENE LORD |
| Dated: May 11, 2021 | KENNEDY, ARCHER & GIFFEN<br><br>By: */s/ Zachary A. Streiff*<br>Jon R. Giffen<br>Zachary A. Streiff<br>KENNEDY, ARCHER & GIFFEN<br>Attorney for Defendant<br>JUSTIN RICKS |

5